F. THOMAS EDWARDS, ESQ.
Nevada Bar No. 9549
E-mail: tedwards@nevadafirm.com
JESSICA M. LUJAN, ESQ.
Nevada Bar No. 14913
E-mail: jlujan@nevadafirm.com
**HOLLEY DRIGGS**
300 South Fourth Street, Suite 1600
Las Vegas, Nevada 89101
Telephone:    702/791-0308
Facsimile:     702/791/1912

And

**GODFREY & KAHN S.C.**
PAUL F. HEATON, ESQ. (*Pro Hac Vice*)
Wisconsin Bar No. 1000858
HUNTER M. VAN ASTEN, ESQ. (*Pro Hac Vice*)
Wisconsin Bar No. 1131631
833 East Michigan Street, Suite 1800
Milwaukee, Wisconsin 53202

*Attorneys for Midland National Life Insurance Company*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PATRICIA SOMERS, as alleged trustee for the Valesco Irrevocable Trust dated June 16, 2004<br><br>Plaintiff,<br><br>v.<br><br>MIDLAND NATIONAL LIFE INSURANCE COMPANY,<br><br>Defendant. | CASE NO.:     2:22-cv-1904-APG-NJK<br><br>**STIPULATED JOINT DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

Pursuant to the Court's order of June 12, 2023, the Parties respectfully request a Special Scheduling Review of the Stipulated Discovery Plan and Scheduling Order.

1. **Special Scheduling Review Statement:** The events of this case span almost two decades, going back to the formation of the Irrevocable Valesco Trust, dated June 16, 2004 (Midland disputes that the Plaintiff trust was ever put into force or effect) and purchase of a Midland annuity in 2009. This was followed by the creation of at least two other trusts,

amendments to trust documents, and the challenged change of ownership and exchange of the subject Midland annuity, all transpiring over a period of more than 15 years, and involving the participation of multiple attorneys, trustees, beneficiaries, and associated individuals. Accordingly, the parties do not believe that the completion of discovery within the standard 180 days is feasible.

On December 27, 2022, this Court granted the parties' prior Stipulated Joint Discovery Plan and Scheduling Order (ECF No. 16), which the parties submitted before the Court stayed this action. The proposed dates set forth in this Stipulated Joint Discovery Plan and Scheduling Order reflect the same number of days to meet the requirements of each deadline set forth in this Court's original December 23, 2022 scheduling order, adjusted based on the June 12, 2023 date of this Court's order lifting the stay. Therefore, the parties respectfully request that this Court reaffirm its earlier finding that special scheduling is warranted in this matter pursuant to LR 26-1(a).

2. **Initial Disclosures:** In accordance with Fed. R. Civ. P. 26(a)(1)(C), the Parties previously exchanged their initial disclosures, prior to the stay of the case.

3. **Subject of Discovery**: The Parties anticipate discovery will be taken on:
   a. The Parties' claims, defenses, and alleged damages.
   b. The factual basis for the parties' claims and defenses.
   c. History of execution of trust documents; exploration of the terms and conditions of any such trusts, the identity of all trustees, successor trustees and beneficiaries, the potential invalidation of any such trusts, and the performance of obligations under such trusts; and circumstances surrounding the transfer of ownership of the subject annuity and the 1035 exchange of that policy.

The Parties do not believe discovery should be conducted in phases or limited to particular issues.

4. **Discovery Cut-Off Date(s):** January 26, 2024, which, modified by the hiatus during the stay of this case, is nine months after Defendant's first appearance in this matter.

/ / /

/ / /

5. **Amending the Pleadings and Adding Parties:** The last day to file motions to amend pleadings or to add Parties is October 26, 2023, which is not later than ninety (90) days prior to the proposed close of discovery.

6. **Fed. R. Civ. P. 26(a)(2) Disclosures (Experts):** The disclosure of plaintiff's experts and expert reports shall occur by November 27, 2023, which is not later than sixty (60) days before the discovery deadline. Disclosure of the defendant's experts and expert reports shall occur by December 26, 2023, which is not later than thirty (30) days before the discovery deadline.

7. **Dispositive Motions:** Dispositive motions may be filed no later than February 26, 2024, which is not later than thirty (30) days after the discovery deadline. In the event that the discovery period is extended from the discovery cut-off date set forth in this Joint Discovery Plan and Scheduling Order, the date for filing dispositive motions shall be extended for the same duration, to be no later than thirty (30) days from the subsequent discovery cut-off date.

8. **Pretrial Brief:** The pretrial briefs shall be filed by March 27, 2024, which is not later than thirty (30) days after the date set for filing dispositive motions. In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after the decision of the dispositive motions or until further order of the Court. In the further event that the discovery period is extended from the discovery cut-off date set forth in this Joint Discovery Plan and Scheduling Order, the date for filing the joint pretrial order shall be extended in accordance with the time period set forth in this paragraph.

9. **Extensions or Modifications of the Discovery Plan and Scheduling Order:** LR 26-3 governs modifications or extensions of this discovery plan and scheduling order.

10. **Fed. R. Civ. P. 26(a)(3) Disclosures:** The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the pretrial order.

11. **Electronic Service:** The attorneys of record in this matter are registered for electronic filing with this Court. Any documents electronically filed with this Court are deemed to be sufficiently served on the other party as of the date that the document is electronically filed with the Court, provided that the sender does not receive any indication that such electronic transmission was unsuccessful. The Parties agree to exchange correspondence and information by

15261-01/2970702.docx

1  email when possible, and if not practicable, to provide more voluminous documents through secure
2  download links. The Parties agree that copies of all written discovery requests shall be provided
3  in editable form (*e.g.*, in Microsoft Word).

4  12. **Alternative dispute-resolution:** The Parties certify that they met and conferred
5  about the possibility of using alternative dispute-resolution processes including a settlement
6  conference or mediation. The Parties agree that this matter is not appropriate for mediation through
7  the Early Neutral Evaluation process. The Parties agree that the completion of some initial
8  discovery is necessary for a productive mediation. The Parties agree to explore the possibility of
9  mediation upon completing initial discovery.

10  13. **Trial by a magistrate judge:** The Parties certify that they considered consent to
11  trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short
12  Trial Program (General Order 2013-01). At this time, the Parties do not consent to a trial by the
13  magistrate judge or the use of the Short Trial Program.

14  14. **Electronic Evidence:** The Parties have discussed whether they plan to introduce
15  evidence in electronic format to the jury. At this time, the parties do intend to present evidence in
16  electronic format. The Parties agree to present evidence in a format that is compatible with the
17  Court's electronic jury evidence display system. The Parties have discussed the need to preserve
18  electronically stored information ("ESI") and have alerted those persons most likely to have the
19  relevant information of the need to preserve it. The discovery of ESI shall proceed in accordance
20  with the Federal Rules of Civil Procedure. Although the Parties agree to produce responsive
21  documents in hard copy or PDF format initially, such agreement is without prejudice to a Party's
22  right to seek native format documents and data for specified categories of production either
23  initially or in a follow-up request. If a Party requests documents in their native format, and in
24  response to an objection, provides a reasonable explanation for the purpose of requesting the native
25  document, the responding Party must provide the native documents absent good cause for refusing
26  to do so.

27  The Parties agree to meet and confer about additional electronic discovery parameters and
28  to work in good faith to reach a resolution about the format of the production. The Parties reserve

the right to assert that the cost of complying with a discovery request should be borne by the requesting Party, where deemed appropriate due to extraordinary expense associated with such a request. The Parties will meet and confer to attempt to resolve any such issues without court intervention, reserving the right to seek the Court's assistance where such disputes cannot be resolved despite good faith efforts to do so.

15. **Claims of Privilege and Work Product Protection:** The Parties agree that the inadvertent production of attorney-client privileged materials, work product privileged materials, trial preparation materials, or otherwise protected materials shall not be deemed a waiver or impairment of any claim of privilege or protection. In the event of the inadvertent production of such protected information, the Parties will follow the procedure set out in Rule 26(b)(5)(B).

The Parties have agreed to log material withheld from discovery on the grounds that they are protected by one or more applicable privileges. The privilege log shall comply with the requirements of Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure. The Parties agree that their respective privilege logs need not include an identification of attorney-client or attorney work product protected materials or communications generated on or after November 10, 2022, the date that Midland was served with the Citation to File Written Response to Verified Petition to Assume Jurisdiction of Trust, Confirm Trustee, for Declaratory Relief, and Damages.

The Parties will conduct discovery in good faith and will attempt to resolve any discovery-related dispute without intervention from the Court.

16. **Proposed Changes to Limitations on Discovery:** Each party agrees to limit the number of interrogatories served upon the other party to fifty (50), subject to the Parties' reservation of the right to seek further relief from the limitations of Rules 33(a)(1) and/or 36(a)(1).

If the Parties disagree about any of the other default limitations or concerning any other matters relating to the conduct of discovery, they will work in good faith to resolve such disagreements, and will seek guidance from the Court only if necessary.

17. **COVID-19 Protocols:** In recognition of the ongoing public health concerns involving the COVID-19 pandemic, the Parties agree to abide by the District of Nevada's safety measures and protocols related to the coronavirus. If documents are used during the course of

- 5 -

remote depositions, the questioning attorney may reference potential exhibits by their bates-numbers (as to those that were exchanged or received through discovery), or shall be marked as exhibits during the course of the deposition (as to those documents that had not been exchanged during discovery prior to the deposition). As to the latter category of documents, questioning counsel shall provide the counterparty with copies of such documents twenty-four hours in advance of the deposition (other than documents used for purposes of impeachment).

| DATED this 28th day of June, 2023. | DATED this 28th day of June, 2023. |
|---|---|
| **HOLLEY DRIGGS** | **LEE KIEFER & PARK, LLP** |
| */s/ F. Thoms Edwards* | */s/ T. Chase Pittsenbarger* |
| F. THOMAS EDWARDS, ESQ. | MATTHEW W. PARK, ESQ. |
| Nevada Bar No. 9549 | Nevada Bar No. 12062 |
| JESSICA M. LUJAN, ESQ. | T. CHASE PITTSENBARGER |
| Nevada Bar No. 14913 | Nevada Bar No. 13740 |
| 300 South Fourth Street, Suite 1600 | 1140 N. Town Center Drive, Suite 200 |
| Las Vegas, Nevada 89101 | Las Vegas, Nevada 89144 |
| *Attorneys for Defendant Midland National Life Insurance Company* | *Attorneys for Plaintiff, Patricia Somers, Trustee* |

## **ORDER**

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

DATED: June 29, 2023