UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| PATRICIA SOMERS, as trustee for the Valesco Irrevocable Trust dated June 16, 2004,<br><br>Plaintiff,<br><br>v.<br><br>MIDLAND NATIONAL LIFE INSURANCE COMPANY,<br><br>Defendant. | Case No. 2:22-cv-01904-APG-NJK<br><br>ORDER TO EXTEND REMAINING DEADLINES TO FACILITATE A FEBRUARY 8, 2024 MEDIATION BEFORE FORMER NEVADA SUPREME COURT JUSTICE NANCY BECKER (ECF NO. 36)<br><br>(THIRD REQUEST) |

Pursuant to LR IA 6-1 and LR 26-4, Plaintiff and Defendant, by and through their undersigned counsel, hereby stipulate, contingent upon this Court's approval to extend the remaining discovery deadlines set forth in the Court's Scheduling Orders (ECF Nos. 35, 51).

Plaintiff and Defendant believe this extension is warranted pursuant LR 1-1(a-b), as they believe the result of granting the extension will reduce costs and result in the "just, speedy and inexpensive determination" of this matter. The Plaintiff and the Defendant have scheduled a mediation session before former Nevada Supreme Court Justice Nancy Becker for February 8, 2024 at 9 a.m. PST in furtherance of a global resolution of this matter. Additionally, Scott Kelley ("Scott") and Steven Kelley ("Steven" and together with Scott the "Kelleys"), two (2) of the parties Plaintiff has sought to add as defendants to this matter,[1] have agreed to participate in the February 8, 2024 mediation in an effort to achieve a global resolution of this dispute.[2]

Despite the Parties best efforts to obtain an expedited mediation date the week of January 15 or the week of January 22nd, the soonest Justice Becker could accommodate a full-day mediation was

---

[1] *See* Motion to Amend (ECF No. 36).
[2] Plaintiff and Defendant are in ongoing discussions with Donna Kelley ("Donna") regarding participation.

1

February 8, 2024. For this reason, the Parties request a 45-day extension of the remaining discovery deadlines to avoid the extreme cost of moving forward with the nine (9) depositions that are currently set to take place in January and early February of 2024. These depositions include, but are not limited to, the depositions of the Plaintiff, Defendant (set for January 31, 2024), Michael Martinez (set for January 12, 2024), Scott Kelley (set for January 17, 2024), Donna Kelley (set for January 19, 2024), Marc Robinson (set for January 31, 2024), Amanda Hohl (set for February 8, 2024), Kourtney Hines (set for February 9, 2024), and Janet Johnson (set for February 9, 2024).

Considering (1) Justice Becker's strong record of success in assisting parties resolve their disputes, (2) the Kelleys agreement to participate in this mediation prior to being added as defendants and (3) Plaintiff and the Defendant's commitment to working towards a global resolution, the Parties have a firm belief that extending the current deadlines will be followed by a resolution that will dispose of this entire action and any future actions without the necessity of further litigation.

The Parties strongly believe that a 45-day extension of the deadlines will substantially increase the probability of a resolution of this dispute by directing financial resources towards settlement rather than the substantial costs of completing the scheduled depositions, completing pending motion practice, and continuing expert disclosures and discovery.

**A.    The Discovery Completed to Date:**

Pursuant to LR 26-3(a), the following discovery has been completed to date:

1. The Parties served their Fed. R. Civ. P. ("FRCP") 26(a)(1) Initial Disclosure of Documents and Witnesses on February 1, 2023.

2. Defendants provided documents referenced in its 26(a)(1) Initial Disclosure of Documents and Witnesses on February 14, 2023.

3. The Court stayed this case from February 15, 2023 through June 12, 2023.

4. Defendant supplemented its initial disclosures on June 21, 2023.

5. Defendant served its first set of written discovery on Plaintiff on August 15, 2023.

6. Defendant served a subpoena for documents on SILAC Insurance Company on August 30, 2023.

2

7. Defendant served subpoenas for documents on Donna Kelley, Scott Kelley, and Steven Kelley on August 31, 2023.

8. Defendant served a subpoena for documents on Savanna Kelley on September 20, 2023.

9. Plaintiff responded to Defendants first set of written discovery and supplemented her initial disclosures on September 28, 2023.

10. Defendant served a subpoena for documents on LPL Financial on October 24, 2023.

11. Defendant served subpoenas for documents on Bullis & Company and Nevada State Bank on November 15, 2023.

12. Plaintiff served her First Set of Interrogatories, First Set of Requests for Admission, and First Set of Requests for Production of Documents on Defendant on December 6, 2023.

13. On December 11, 2023, Plaintiff disclosed her expert witness and provided his report to Defendant.

**B.    The Discovery that Remains to be Completed:**

Pursuant to LR 23-3(b), the following discovery remains to be completed:

1. Defendant must respond to the Plaintiff's First Set of Interrogatories, First Set of Requests for Admission, and First Set of Requests for Production of Documents.

2. Plaintiff must review Defendants responses to Plaintiff's First Set of Interrogatories, First Set of Requests for Admission, and First Set of Requests for Production of Documents.

3. Defendant had scheduled the deposition of the Plaintiff for January 4, 2024, but that deposition has been postponed in an effort to complete mediation, and if necessary, will be deposed on or before January 11, 2024.

4. The Parties have scheduled nine depositions to take place in January and February of 2024, as recited in detail in the opening paragraphs of this submission. These depositions include:

    a. Defendant (set for January 31, 2024);

    b. Michael Martinez (set for January 12, 2024);

    c. Scott Kelley (set for January 17, 2024);

        d.  Donna Kelley (set for January 19, 2024);

        e.  Marc Robinson (set for January 31, 2024);

        f.  Amanda Hohl (set for February 8, 2024);

        g.  Kourtney Hines (set for February 9, 2024); and

        h.  Janet Johnson (set for February 9, 2024).

5.    It is the Parties intent to vacate the afore-mentioned depositions upon the Court's approval of this stipulation and order in an effort to avoid the substantial costs of completing the scheduled depositions.

6.    Defendant may also elect to depose Plaintiff's expert.

7.    Defendant must disclose its expert.

8.    Plaintiff may need to depose Defendant's expert.

9.    The Parties agree that the afore-mentioned list of depositions is not exhaustive and additional depositions may be needed.

**C.**    **The Reasons Why Specified Discovery Has Yet to Be Completed:**

Pursuant to LR 26-3(c), the reasons why discovery is not yet completed and cannot be completed by the present deadline are as follows:

The Parties are requesting a 45-day extension of discovery to facilitate a mediation scheduled before Justice Becker on February 8, 2024 at 9:00 a.m. PST in furtherance of a global resolution of this matter, which will include not only Plaintiff and Defendant (the current parties to this action), but also the Kelleys, who have an incentive to participate in the mediation and reach global resolution or risk being named as defendants in this matter according to Plaintiff's Motion to Amend (ECF No. 36) that is currently pending before the Court.

As noted above, while the parties attempted to obtain an expedited mediation date, Justice Becker was not available to accommodate a full day mediation any earlier than February 8, 2024. As such, the Parties are requesting a 45-day extension of the deadlines to enable them to mediate this dispute before expending the additional substantial amounts necessary to complete nine depositions

4

that are to take place in January and early February of 2024 (names of deponents and dates recited previously).

Considering (1) Justice Becker's strong record of success in assisting parties resolve their disputes, (2) the Kelleys agreement to participate in this mediation prior to being added as defendants and (3) Plaintiff and the Defendant's commitment to working towards a global resolution, the Parties have a firm belief that extending the current deadlines will be followed by a resolution that will dispose of this entire action and any future actions without the necessity of further litigation. The Parties strongly believe that a 45-day extension of the deadlines will substantially increase the probability of a resolution of this dispute by directing financial resources towards settlement rather than the substantial costs of completing the scheduled depositions, completing pending motion practice, and continuing expert disclosures and discovery.

D. **A Proposed Schedule for Completing All Remaining Discovery**

Pursuant to LR 26-3(d), the Parties propose to the following schedule to complete all remaining discovery:

| Discovery Event | Current Deadline | Extended Deadline |
|---|---|---|
| Defendant's Expert Disclosure | January 23, 2024 | **March 8, 2024** |
| Discovery Completion | February 23, 2024 | **April 8, 2024** |
| Dispositive Motions | March 25, 2024 | **May 9, 2024** |

E. **Good Cause**

Pursuant to LR IA 6-1(a) and LR 26-3, good cause exists to extend the deadlines under the Scheduling Order, as the parties have been diligently cooperating to exchange discovery while also briefing the Plaintiff's motion to amend her petition, navigating the holiday schedules of experts, witnesses, and parties alike, and engaging in settlement discussions. Although the parties have worked to complete discovery in the time previously allotted, the inability to schedule a mediation with Justice Becker prior to February 8, 2024, and the desire to conserve financial resources so they can be directed towards settlement, requires a final extension. This is the parties' third and final request to extend the

5

discovery deadlines in this matter, and this stipulation is submitted more than 21 days prior to the close of discovery. This stipulation is not intended to cause undue delay.

F. **Status Check**

In the event the Court requires additional information related to the Parties' request, the Parties would request an expedited status check to be set at the Court's convenience.

IT IS SO STIPULATED.

DATED this 5th day of January 2024.

**HOLLEY DRIGGS**

/s/ *Paul F. Heaton*
**GODFREY & KAHN, S.C.**
PAUL F. HEATON, ESQ., Admitted *Pro Hac Vice*
Wisconsin Bar No. 1000858
HUNTER M. VAN ASTEN, ESQ.
Wisconsin Bar No. 1131631

**HOLLEY DRIGGS**
F. THOMAS EDWARDS, ESQ.
Nevada Bar No. 9549
JESSICA M. LUJAN, ESQ.
Nevada Bar No. 14913
300 South Fourth Street, Suite 1600
Las Vegas, Nevada 89101
*Attorneys for Defendant Midland National Life Insurance Company*

DATED this 5th day of January 2024.

**LEE KIEFER & PARK, LLP**

/s/ *Matthew W. Park*
MATTHEW W. PARK, ESQ.
Nevada Bar No. 12062
T. CHASE PITTSENBARGER
Nevada Bar No. 13740
1140 N. Town Center Drive, Suite 200
Las Vegas, Nevada 89144

*Attorneys for Plaintiff, Patricia Somers, Trustee*

**ORDER**

The parties must file a joint status report regarding the results of mediation no later than February 12, 2024.

IT IS SO ORDERED.

Dated: January 8, 2024

_____
UNITED STATES MAGISTRATE JUDGE

6